UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL A. LONIGRO,
    Plaintiff,

v.                                                         CIVIL ACTION NO. 19-11578-MPK[1]

NEW ENGLAND TEAMSTERS
PENSION FUND,[2]
    Defendant.

MEMORANDUM AND ORDER ON DEFENDANT
NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND'S
MOTION TO DISMISS (#12).

KELLEY, U.S.M.J.

I. Introduction.

Michael A. Lonigro, proceeding pro se, alleges that the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund"), breached its fiduciary duty by not giving him the Early Retirement pension[3] to which he claims to be entitled. (#1.) Defendant has moved to

---

[1] With the parties' consent (#18), this case has been assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

[2] Defendant's correct name is New England Teamsters and Trucking Industry Pension Fund. (#14 ¶ 1.)

[3] In his complaint, plaintiff seems to be seeking either an Early Retirement pension or a disability pension. (#1 at 6.) Plaintiff concedes in his opposition to the motion to dismiss that Pension Fund rules do not provide for a disability pension in his situation. (#19 at 2.) Indeed, defendant's papers make clear that, as an Inactive Vested Participant, Mr. Lonigro did not qualify for a disability pension under the terms of the Pension Plan. (#13 at 9–10; #14, Exh. 4.) Given these circumstances, no further discussion concerning a disability pension is warranted.

1

dismiss on the grounds that plaintiff has failed to state a claim. (#12.) Mr. Lonigro opposes the dispositive motion. (#19.) For the following reasons, defendant's motion to dismiss is GRANTED.

II. Facts.

The facts are taken from the complaint, as well as documents proffered by defendant.[4] Mr. Lonigro was an employee of United Parcel Service Cartage Services Inc. ("UPS"). (#1.) He has been a member of Teamsters Local 25 and a participant in the Pension Fund for over twenty years. *Id.* Defendant, a defined benefit pension fund governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, is the pension provider for Teamsters Local 25. *Id.* Reported contributions to the Pension Fund on plaintiff's behalf ended in May 2010. (#14, Exh. 4.)

Mr. Lonigro alleges that, on May 20, 2015, he received permission from UPS to return to work after a non-pay medical leave of absence. (#1.)[5] According to plaintiff, his union

---

[4] The First Circuit has repeatedly cautioned that "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Graf v. Hospitality Mut. Ins. Co.,* 754 F.3d 74, 76 (1st Cir. 2014) (internal citations omitted). That being said, "there is a narrow swatch of materials outside the complaint itself that may be considered on a motion to dismiss for failure to state a claim." *Ríos-Campbell v. U.S. Dep't of Commerce*, 927 F.3d 21, 25 n.2 (1st Cir. 2019). "When . . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (internal citations omitted), *cert. denied*, 555 U.S. 995 (2008); *Yacubian v. U.S.*, 750 F.3d 100, 102 (1st Cir. 2014); *United Auto., Aerospace, Agric. Implement Workers of Am. Intern. Union v. Fortuno*, 633 F.3d 37, 39 (1st Cir. 2011). The exhibits attached to the Affidavit of Edward F. Groden (#14, Exh. 1–4) and the affidavit of Catherine M. Campbell (#15, Exh. 1–7) fall within the parameters of this exception and may properly be considered. *See, e.g.*, *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993) ("[C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.").

[5] The Social Security Administration has determined that Mr. Lonigro was totally and permanently disabled as of August 24, 2014. (#14, Exh. 4.)

representative had advised him that he needed 750 hours of worktime in order to collect his pension. *Id.* The following day, May 21, 2015, Mr. Lonigro was at the airport, en route to return to his job, when a manager from UPS contacted him and said he could not come back to work. *Id*. Plaintiff asserts that this was a wrongful termination either by UPS, or because a Local 25 representative influenced the UPS manager to renege on the employment. *Id.*[6] Noting that Local 25's president sits on the board of the Pension Fund, plaintiff alleges that the Teamsters Union breached its duty of fair representation to him, which caused the Pension Fund to breach its fiduciary duties, in violation of 29 U.S.C. § 1104. *Id*. Mr. Lonigro contends that he is due an Early Retirement pension retroactive to May 2015. *Id*. His request for Early Retirement benefits was denied on April 1, 2016. (#14, Exh. 2.)

In its motion to dismiss, the Pension Fund clarifies that plaintiff appears to be making a claim for benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B), and possibly a claim for breach of fiduciary duty pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). (#13 at 1.)[7] Defendant argues that Mr. Lonigro was denied Early Retirement benefits because he is an

---

[6] Neither the employer nor the union is named as a defendant in this case. However, Mr. Lonigro has previously filed actions against UPS, as well as Teamsters Local 25, in the United States District Courts in Arizona and Massachusetts, attempting to compel these parties to make contributions to the Pension Fund so he could meet the requirements for the pension benefits he seeks in this case. (#15, Exh. 1, 2, 4, 6.) These prior cases were dismissed on a variety of grounds. *Id.*, Exh. 3, 5, 7.

[7] In his complaint, Mr. Lonigro relies on 29 U.S.C. §1104, which details fiduciary duties under ERISA. The statutory provisions that defendant cites, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(2), are the civil enforcement sections of ERISA. Plaintiff does not dispute defendant's characterization of his claims as falling under §§ 1132(a)(1)(B) and (a)(2) in his opposition to the motion to dismiss. (#19.)

3

"inactive vested participant" and as such, cannot meet the plan requirements to receive any retirement benefits prior to his normal retirement age. (#14, Exh. 2.)[8]

### III. Legal Standard.

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "treat all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (citing *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible." *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, the court

---

[8] Under the pension plan, at age 64, that being "Normal Retirement Age," Mr. Lonigro will be entitled to an estimated monthly pension of $3,949.00. (#14, Exh. 4.)

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *Id*. at 679.

IV. Discussion.

A. Claim for Benefits.

In order to be eligible for Early Retirement benefits, the Complete Rules and Regulations for the New England Teamsters & Trucking Industry Pension Plan provide:

> 6.06   EARLY RETIREMENT PENSION
>
> (a) Eligibility
> A Participant may retire on an Early Retirement Pension if he:
>   (i)   meets the General Eligibility Requirement of Section 6.01,
>   (ii)  has at least 15 years of Pension Credit,
>   (iii) works under Collective Bargaining Agreements that conform[] to the Maintenance of Benefits Requirements,
>   (iv)  is not an Inactive Vested Participant at the Participant's Effective Date, and
>   (v)   has attained age 55.
>
> (b) Amount of Benefit
> For Participants who satisfy the eligibility conditions of paragraph (a) above, the monthly amount of the Early Retirement Pension is the Participant's Accrued Benefit multiplied by the Early Retirement Pension Reduction Percentage from Table 3, based on the Participant's age at benefit commencement.

(#14, Exh. 1 at 36.)

An Inactive Vested Participant is defined in Article V of the rules and regulations:

> An Inactive Vested Participant is a Participant who attains Vested Status and who subsequently is not credited with an Hour of Service in Covered Employment in this Fund or related Teamster fund for twelve (12) consecutive months prior to his application for benefits. Inactive Vested Participants may also include other designations as described in the current applicable Rehabilitation Plan. Inactive Vested Participants qualify only for a Regular Pension paid at Normal Retirement

> Age as described in Article VI. An Inactive Vested Participant earns reinstatement upon meeting the requirements for participation as described in Article III.

*Id.*, Exh. 1 at 27.

Plaintiff is aware that he has been determined to be an Inactive Vested Participant in the Pension Fund. In May 2010, the last contribution hours were reported to the Pension Fund for Mr. Lonigro; he has no hours of service in the Pension Fund after that date. *Id.*, Exh. 4; #15, Exh. 3 at 1. In other words, Mr. Lonigro did not earn an hour of service in covered employment in the twelve months prior to his application for an Early Retirement pension. In April 2016, plaintiff was advised by the Trustees of the Pension Fund that he did not qualify for Early Retirement benefits because he was classified as an Inactive Plan Participant. (#14, Exh. 2.)

Plaintiff has made repeated efforts to be reinstated as an active participant in the Pension Fund by suing to receive additional credited hours of service. On May 30, 2017, Mr. Lonigro filed suit against UPS in the United States District Court for the District of Arizona, claiming that, because UPS did not allow him to go back to work in May 2015, he could not get his pension until normal retirement age. (#15, Exh. 1.) Plaintiff demanded that UPS be ordered to put years of pension hours in the Pension Fund so he could get his full pension. *Id.* When he amended that complaint, Mr. Lonigro specifically requested that UPS put "8 or 9 years of pension hours" into the Pension Fund, meaning that UPS could purchase hours on Mr. Lonigro's behalf for approximately "$60,000 to $70,000" so Mr. Lonigro would receive a full 30-year pension. *Id.*, Exh. 2. Plaintiff's amended complaint was dismissed for failure to state a claim. *Id.*, Exh. 3.

In May 2018, Mr. Lonigro filed suit against Local 25 and its business agent in this court, alleging that he "needed to work 750 hours so [he] could receive [his] pension," and the business agent failed to help him return to work. *Id.*, Exh. 4. In the complaint, plaintiff was also seeking leave to be able to pay for eighteen months of hours preceding his disability onset date of August

6

24, 2014, so he would be entitled to receive a disability pension. *Id*. The complaint was dismissed on a number of grounds, including statute of limitations and preemption. *Id.*, Exh. 5. Mr. Lonigro filed another complaint in the United States District Court for the District of Arizona on November 8, 2018, against UPS, demanding that UPS "send a check for $3495 dollars that's [sic] the approximiate [sic] cost for 750 hours to the New England Teamster Pension Fund so I can receive my pension." *Id.*, Exh. 6. Defendant's motion to dismiss was granted on the grounds of res judicata. *Id.*, Exh. 7.

The Trustees have determined that Mr. Lonigro is an Inactive Vested Participant as defined by the rules and regulations of the pension plan. (#14, Exh. 2.) As an Inactive Vested Participant, Mr. Lonigro is not entitled to Early Retirement benefits under the terms of the plan. *Id.*, Exh. 1 at 36; Exh. 2. Because plaintiff has no benefits due him under the terms of the plan until he reaches normal retirement age, his claim for Early Retirement benefits fails under Rule 12(b)(6).

B. Claim for Breach of Fiduciary Duty.

Plaintiff's second claim is for breach of fiduciary duty.[9] The Supreme Court in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), held that challenges to a denial of benefits will

---

[9] In the complaint, plaintiff alleges:

> I received [sic] permission to return to work from a non-pay leave of absence from U[PS], the union official told me you need 750 hours to get your pension, on May 2015. I'm about to board the plane, the manager from U[PS] just changed his mind, this was all preplanned, the union rep was hiding didn't [sic] want to go to arbitration, breeched [sic] his duty of fair representation, the pension office mentioned the reason is John Murphy, the teamsters union official, I believe is or was being bothered by a group of mixed organize [sic] crime with some of this other group that likes to make people mad, and they made the union official make the pension office violate there [sic] Fiduciary Duties[.]
> 
> *****
> 
> The pension Fund violated there [sic] Fiduciary Duties because of this group of mixed problems on the outside looking in, and for listening to the union official.

7

be reviewed under a *de novo* standard, unless the benefit plan gives the fiduciary discretionary authority to construe the plan and/or determine eligibility for benefits. If the requisite discretionary language is set forth in the plan, the fiduciary's decisions will be reviewed under an "arbitrary and capricious" standard. *Firestone*, 489 U.S. at 114–16; *Metro. Life. Ins. Co. v. Glenn*, 554 U.S. 105, 109–11 (2009). In sum, as the First Circuit has stated, "where an ERISA plan delegates to the plan administrator the discretion to construe the plan and determine eligibility for benefits under its provisions, a decision made under the plan will be upheld unless it was 'arbitrary, capricious, or an abuse of discretion.'" *Niebauer v. Crane & Co.*, 783 F.3d 914, 922–23 (1st Cir. 2015) (quoting *Cusson v. Liberty Life Assurance Co. of Bos.*, 592 F.3d 215, 224 (1st Cir.2010)).

The New England Teamsters and Trucking Industry Pension Fund Restated Agreement and Declaration of Trust clearly defines the powers of the Trustees. New England Teamsters & Trucking Industry Pension Fund, www.nettipf.com/pdf_files/altplantrustagree.pdf (last visited 12/27/2019). Article IV § 2 provides: "The Trustees shall have power to construe, with discretionary authority, the provisions of this Trust Agreement, or the Plan adopted hereunder, and the terms thereof, and any construction adopted by the Trustees in good faith shall be binding upon the Unions, the Employers, and the Employees . . . ." *Id*. Article IV § 3(j) further provides that the Trustees have the authority to "reconcile, determine, interpret and construe, with discretionary authority, any question or dispute arising in connection with definitions of terms, rights, status or classification of employees, or any other dispute or claim arising under the Plan including, but not

---

(#1.) These "facts" do not sufficiently describe how the Pension Fund breached its fiduciary duties. The allegations fail to meet Rule 8's requirements of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has not given defendant "fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

8

limited to, the determination of the entitlement of any person to any pension or retirement benefits . . . ." *Id.* Finally, the discretionary power is also incorporated in the Complete Rules and Regulations for the New England Teamsters & Trucking Industry Pension Plan under Article X, 10.03(a), where it states, "[t]he Trustees shall have full discretionary authority with respect to the interpretation and construction of the Plan[.]" (#14, Exh. 1 at 60.)

The plan documents afford the Trustees considerable discretion in interpreting the plan and making determinations regarding eligibility for benefits. *See Langone v. USCO Distribution Servs., Inc.*, 389 F. Supp.2d 91, 94 (D. Mass. 2005). Therefore, application of an arbitrary and capricious standard to their decision regarding plaintiff's claim for Early Retirement benefits is appropriate. When a determination is reviewed under this deferential standard, a court "asks whether a plan administrator's determination 'is plausible in light of the record as a whole, or, put another way, whether the decision is supported by substantial evidence in the record.'" *Colby v. Union Sec. Ins. Co. & Mgmt. Co. for Merrimack Anesthesia Assocs. Long Term Disability Plan*, 705 F.3d 58, 61 (1st Cir. 2013) (quoting *Leahy v. Raytheon Co.*, 315 F.3d 11, 17 (1st Cir. 2002)); *see also Medina v. Metro. Life Ins. Co.*, 588 F.3d 41, 45 (1st Cir. 2009); *Stamp v. Metro. Life Ins. Co.*, 531 F.3d 84, 87 (1st Cir. 2008) (plan administrator's decision will be upheld if it was "reasoned and supported by substantial evidence"). Evidence is substantial when it is "reasonably sufficient to support a conclusion." *Ortega-Candelaria v. Johnson & Johnson*, 755 F.3d 13, 20 (1st Cir. 2014) (citing *Cusson v. Liberty Life Assurance Co. of Bos.*, 592 F.3d 215, 230 (1st Cir. 2010)).

Plaintiff was advised by letter dated April 1, 2016, that the Board of Trustees had reviewed his request for Early Retirement benefits. (#14, Exh. 2.) The letter explained that, "as an Inactive Plan Participant in accordance with the terms of the Fund's Rehabilitation Plan," plaintiff was not

entitled to benefits before his normal retirement age. *Id*. Further, in the Trustees' view, any amendment to allow Inactive Plan Participants to collect retirement benefits prior to normal retirement age would breach the Trustees' fiduciary duty, since the Pension Fund was in critical status. *Id*. The reasons stated for denying Early Retirement benefits to plaintiff are reasoned and supported. The Trustees acted within the parameters of their discretion as defined by the plan. Plaintiff cannot show that the Trustees' determination was arbitrary and capricious, and therefore fails to state a claim for breach of fiduciary duty.

V. Conclusion and Order.

For the reasons above, it is ORDERED that New England Teamsters and Trucking Industry Pension Fund's Motion to Dismiss (#12) be, and the same hereby is, ALLOWED. Judgment shall enter for the defendant.

January 2, 2020 /s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge